```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Nicole Hanlon Clock

    v.                                    Civil No. 09-cv-379-JD

United States of America


O R D E R


Nicole Hanlon Clock ("Clock") filed a pro se petition, pursuant to 28 U.S.C. § 2255, to set aside her conviction and sentence. She asserts that her criminal defense attorney, Assistant Federal Public Defender Jessica Brown, provided ineffective assistance of counsel. The government asked Clock to execute a waiver of her attorney-client privilege, which she did. Notwithstanding the signed and notarized waiver, Attorney Brown refused to respond to questions regarding the ineffective assistance claim unless ordered to do so by the court. The government now moves for an order deeming Clock's attorney-client privilege waived with regard to the issues raised in her § 2255 petition, permitting the government to conduct limited discovery on those issues, and ordering Attorney Brown to appear at a deposition directed to those issues.

Background

Clock pleaded guilty to two counts of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of access device fraud, in violation of 18 U.S.C. § 1029(a)(2).[1]  On March 10, 2009, this court sentenced her to, inter alia, eighteen months in prison.  She is currently housed at a federal facility in Danbury, Connecticut.

On November 12, 2009, Clock filed a motion Under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, arguing that Attorney Brown provided ineffective assistance of counsel.  Clock states several grounds for her claim: 1) Clock wished to appeal, but Attorney Brown told her she had no grounds to do so; 2) Clock and Brown had agreed to enter a "plea with diminished capacity,"[2] but Brown did not do so; 3) Brown told Clock that her sentence would be approximately one year or less, with at least six months served at a local halfway house, which led Clock to plead

---

[1] The indictment referred to Clock as "Nicole Clock Hanlon." In her § 2255 petition, however, she refers to herself as "Nicole Hanlon Clock."

[2] It appears that Clock believed that she would be evaluated by a doctor, whose reports she would submit as mitigating evidence at sentencing.

guilty;[3] and 4) Clock repeatedly encountered difficulty contacting Brown regarding her case.

In order to respond to Clock's petition, the government requested that she complete a waiver of her attorney-client privilege, thereby authorizing Attorney Brown to answer questions regarding Clock's ineffective assistance of counsel claim. Clock executed the waiver before a notary public on January 14, 2010. The government then forwarded a copy of the waiver to Attorney Brown on January 22, 2010, but Brown claimed that she was obligated, pursuant to an "institutional policy," not to respond to the government's questions unless ordered to do so by the court. The government seeks limited discovery from Attorney Brown under the Rules Governing § 2255 Proceedings for the United States District Courts.[4]

---

[3]Since Attorney Brown's predictions were incorrect, Clock argues, her guilty plea was not knowing.

[4]Although the government cites the Rules Governing § 2254 Proceedings, it appears that the correct reference is to the Rules Governing § 2255 Proceedings for the United States District Courts. For purposes of this motion, the differences between the two sets of rules is immaterial.

Discussion

A.   Waiver of Attorney-Client Privilege

Because Clock signed an explicit waiver of her attorney-client privilege, it is unnecessary to decide whether, as the government argues, the privilege was impliedly waived simply by filing a § 2255 petition.  Clock's waiver states: "I, Nicole Hanlon Clock, hereby authorize my former counsel, Jessica Brown, Esq., to answer any and all questions posed to her by Attorney Aixa Maldonado-Quiñones of the U.S. Attorney's Office insofar as they relate to my [§ 2255 petition]."  The waiver is signed, dated, and witnessed by a notary public.  The parties do not dispute the validity of the waiver.  The court finds that the waiver is valid and that Clock has explicitly waived the privilege that protected her communications with her attorney, insofar as they relate to the issues in her § 2255 petition.

B.   Affidavit

Attorney Brown shall file an affidavit responding to the allegations in Clock's § 2255 petition, including the attached statement of supporting facts.  The affidavit shall be limited to those issues raised in Clock's petition, as discussed above, so

4

as to ensure that communications still privileged following Clock's explicit waiver will not be disclosed.  See <u>United States v. Prison</u>, 584 F.3d 972 (10th Cir. 2009) (stating that waiver should be construed as no broader than necessary to ensure fairness of habeas proceedings); <u>In re Lott</u>, 139 Fed. Appx. 658, 660 (6th Cir. 2005) (same); <u>Bittaker v. Woodford</u>, 331 F.3d 715 (9th Cir. 2003) (same).

Once Attorney Brown has filed her affidavit, the court will order the government to answer Clock's § 2255 petition.  After the answer has been filed, the court will determine whether an evidentiary hearing, under Rule 8 of the Rules Governing § 2255 Proceedings for the United States District Courts, is necessary.

## Conclusion

For the foregoing reasons, the government's Motion Requesting Miscellaneous Discovery Relief (document no. 7) is granted in part, but denied to the extent it seeks to conduct a deposition or request production of documents.  Assistant Federal Public Defender Jessica Brown shall file an affidavit as described herein **on or before March 29, 2010**.

The clerk of court shall forward a copy of Clock's § 2255 petition (document no. 1) and this order to Attorney Brown.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 8, 2010

cc: Nicole Hanlon Clock, pro se
    Aixa Maldonado-Quinones, Esquire
    Jessica Brown, Esquire